U.S. District Court
District of Massachusetts

Zhang Yang,
A# 73 507 661,
    Petitioner,

v.                                                          Civ. No.

John Ashcroft, Attn General
Bruce Chadbourne, District Director
Bureau of Immigration & Customs Enforcement
Andrea Cabral, Sheriff of Suffolk County H.o.C,
    Respondents,

<u>Petition for a Writ of Habeas Corpus</u>
<u>Pursuant to 28 U.S.C. § 2241</u>

Now Comes the petitioner, Zhang Yang, pro se, in the above entitled matter and hereby respectfully petitions this Honorable Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

<u>PARTIES</u>

1. Petitioner Zhang Yang was an unlawful resident of the U.S., and a native and citizen of China. Mr. Yang was ordered deported on October 12, 1995 and was taken into immigration custody on May 23, 2003. He has been detained by the Bureau of Immigration and Customs Enforcement (B.I.C.E.) for over eleven (11) months.

-1-

2. Respondent John Ashcroft is the Attorney General of the U.S. and is responsible for the administration of BICE and the implementation and enforcement of the immigration laws. As such, he is the ultimate legal custodian of the Petitioner.

3. Respondent Bruce Chadbourne is the Interim Field Office Director for Detention and Removal, Boston Field Office, BICE and Department of Homeland Security (DHS). As such, he is the local BICE official who has **immediate** custody of the Petitioner.

4. Department of Homeland Security (DHS) is the agency charged with implementing and enforcing the immigration laws.

5. Respondent Andrea Cabral is the Sheriff of Suffolk County House of Corrections because BICE contracts with state prisons such as Suffolk County H.o.C. in Boston Mass to house immigration detainees such as Petitioner. She has immediate custody of the Petitioner. And Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

6. This action arises under the Constitution of the United States, the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.; This Court has Jurisdiction under 28 U.S.C. § 2241, and § 1331, as the Petitioner is presently in custody under color of the authority of the U.S, and such custody is in violation of the Constitution, laws, and treaties of the U.S. See Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001).

## VENUE

7. Venue lies in the District of Massachusetts because Mr. Yang is currently detained at Suffolk County House of Corrections at 20 Bradston St. Boston Mass 02118. Venue in this district is also proper because Petitioner is in the custody of Respondent Bruce Chadbourne, Interim Field Office Director of this District, which

-2-

encompasses Massachusetts 28 U.S.C Section 1391.

## EXHAUSTION OF REMEDIES

8. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this Judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R Section 241.4. Petitioner was ordered deported on October 12, 1995 and was taken into BICE custody on May 23, 2003 after the completion of his sentence. At his "90-day" custody review on August 23, 2003 BICE decided to continue his detention. (See Exhibit 1.)

## STATEMENT OF FACTS

A. Background

9. Petitioner, Zhong Yang, was born in China on October 21, 1976. He came to the United States with a Chinese passport on July 1st, 1995 at the age of 18 to better his life and to work and help his family back in China. Prior to Mr. Yang's incarceration, he lived in Queens New York with his Uncle and worked full time at a Chinese food Restaurant 6 days a week.

10. On July 7, 1999, Mr. Yang was convicted of "Conspiracy to take hostages and hostage taking" in New York city and was sentenced to 5 years in Jail for this offense. While incarcerated, Mr. Yang completed several programs, received his G.E.D and maintained a good behavior. On or about August 6, 1995, BICE charged Mr. Yang with being Inadmissible and was ordered removed to china by the Immigration Judge (I.J) on October 12, 1995. He timely appealed the decision of the I.J to the Board of Immigration Appeals (BIA) and his appeal was then denied 2 years later, on October 24, 1997.

-3-

11. On May 23, 2003, BICE took Mr. Yang into custody to await his deportation to China. He has been in immigration detention with a final order since then, for a period of 12 months now.

**B.** "90 day" and Six month Custody Reviews ---

12. BICE first reviewed Mr. Yang's detention status on or about August 23, 2003 after the 90-day removal period pursuant to Post Order Custody Review Procedures at 8 C.F.R. § 241.4. In a letter dated 10-23-03 BICE denied Mr. Yang's request for release stating that because they were gonna remove him from the U.S. by November 23, 2003. (See Exhibit 1) As a result of the continued detention, Mr. Yang's case was transferred to the Headquarter Post Detention Unit (HQPDU) on November 23, 2003 and to this very date no decision has been made from them (HQPDU) yet as to the status of Mr. Yang's case.

**C.** 12 months later: BICE's inability to show that Petitioner's deportation is "reasonably foreseeable" Despite his full Cooperation. ---

13. In the 12 months that have passed since petitioner's last custody review, BICE has not notified Mr. Yang of any progress in his repatriation.

14. To petitioner's knowledge, the government of China has not issued travel documents for him. Indeed, neither BICE nor the Consulate for China have provided any indication that China would accept the petitioner in the reasonably foreseeable future.

15. BICE has never asserted that petitioner has failed to cooperate in his deportation. To the contrary, petitioner on his own initiative, and through the help of friends and family, has tried to expedite his repatriation to China and release from unlawful detention.

-4-

# LEGAL FRAMEWORK FOR RELIEF SOUGHT

16. In _Zadvydas_, the Supreme Court held that 8.U.S.C. § 1231(a)(6), when "read in light of the Constitution's demands, limited an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." _Id._, 121 S. Ct. at 2498. A habeas Corpus must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal." _Id_ at 2504. If the individual's removal is not reasonably foreseeable," the Court should hold that continued detention unreasonably and no longer authorized by statute." _Id._

17. Evidence showing successful repatriation of other persons to the Country at issue is not sufficient to meet the government's burden to establish that an alien (petitioner) will be deported within the reasonably foreseeable future. See _Thompson v. INS_, 2002 U.S.Dist. LEXIS 23936 (E.D.La. September 16, 2002). Rather, for the government to meet its burden of showing that an alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual petitioner's case.

18. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See _Agbada v. John Ashcroft_, 2002 U.S.Dist. LEXIS 15797 (D.Mass. 8-22-02).

## CLAIMS FOR RELIEF

Count One * **Statutory** Violation ...

19. Petitioner re-alleges and incorporates by reference paragraphs **1** through **18** above.

20. Petitioner's continued detention by the Respondents violates

-5-

INA Section 241(a)(6), as interpreted in Zadvydas. Petitioner's six-month presumptively reasonable period for continued removal efforts passed over 5 months ago. For the reasons outlined above in paragraphs 1 to 18, Petitioner's removal to China is not reasonably foreseeable. The Supreme Court held in Zadvydas that the continued detention of someone after six months where deportation is not reasonably foreseeable is unreasonable and in violation of INA § 241.

Count Two ✗ Substantive Due Process Violation...

21. Petitioner re-alleges and incorporates by reference paragraphs 1 through 20 above.

22. Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While the Respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Mr. Yang cannot be deported. The Supreme Court in Zadvydas thus interpreted INA Section 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest -- to effect the alien's removal.

Count Three ✗ Procedural Due Process Violation...

23. Petitioner re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Under the Due Process Clause of the United States Constitution,

-6-

an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates _Zadvydas_.

## PRAYER FOR RELIEF

Wherefore, the petitioner prays that this Honorable Court grant the following relief:

1) Assume Jurisdiction over this matter;
2) Grant petitioner a writ of habeas corpus directing the Respondents to immediately release the petitioner from custody;
3) Order Respondents to refrain from transferring the petitioner out of the Jurisdiction of the BICE Boston District Director during the pendency of these proceedings and while the petitioner remains in Respondents' custody; and
4) Grant any other and further relief which this Court deems Just and Proper.

Respectfully Submitted,

Dated: May 15, 2004

Zhang Yang, Pro se
Suffolk County H.O.C.
20 Bradston St. Unit: D-2
Boston, Mass. 02118

-7-

## Certificate of Service

I, Zhang Yong, the petitioner, Pro se hereby certify that a copy of the foregoing writ of habeas corpus was served on the Respondents via first class postage prepaid on the 15th day of May, 2004 to the address listed below:

Department of Homeland Security (BICC)
Attorney trials Unit
P.O. Box: 8728
J.F.K. Station
Boston, Mass. 02114

5-15-04

Zhang Yang, Pro-Se




U.S. Department of Homeland Security
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

A73 507 661

YANG, Zhang
C/O Suffolk County H of C

**Decision to Continue Detention**

I ACKNOWLEDGE RECEIPT OF THIS NOTICE X YANG ZHANG (DATE)
OCT 23 2003

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native and citizen of China who attempted to enter the United States on July 01, 1995 without documents. On October 12, 1995, you were denied Political Asylum and ordered removed from the United States by an Immigration Judge. You filed an appeal of this decision to the Board of Immigration Appeals, which was dismissed on October 24, 1997. On July 07, 1999 you were convicted for the offense of Conspiracy to take Hostages and Hostage Taking.

Subsequent to receipt of you final order of removal ICE has been making attempts to repatriate you by requesting the Government of China to approve your case for final removals. The Government of China regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 11-23-2003, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____          10/25/05
Bruce E. Chadbourne                              Date
Interim Field Office Director

TO BE SERVED AFTER THE 90 DAY POCR REVIEW IN THE CASE OF AN ALIEN WHOSE REMOVAL WILL BE EFFECTED IN THE FORESEEABLE FUTURE OR FOR IN THE CASE OF AN ARRIVING ALIEN. JUSTIFICATION THAT ALIEN IS A THREAT/FLIGHT RISK MUST BE INCLUDED IN ORDER TO CONTINUE