UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZHANG YANG,            )<br>                       )<br>       Petitioner     )<br>                       )<br>     v.                )<br>                       )<br>ANDREA CABRAL, et al.  )<br>                       )<br>                       )<br>       Respondents    ) | Civil Action No.<br>04cv10987-MLW |

<u>RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of The People's Republic of China presently detained by respondent Bureau of Immigration and Customs Enforcement ("respondent", "DHS")[1] pending execution of his final order of exclusion.[2] His petition to this Court asserts prolonged post-order detention in contravention of the Supreme Court's rule in <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of his final order of exclusion, but only his continuing

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

[2] Petitioner's order was issued under the former statutory scheme which made an essential distinction between aliens in "exclusion" proceedings under former 8 U.S.C. § 1226, and "deportation" proceedings, under former 8 U.S.C. § 1252. Perhaps somewhat confusingly to the casual eye, the statute also provided that

detention, in that he says his removal is not "reasonably foreseeable". Petition for Writ of Habeas Corpus, p. 6. However, because petitioner's exclusion and deportation have now been scheduled for **July 19, 2004**, execution of the exclusion order and petitioner's release from custody are now "reasonably foreseeable" even assuming the Zadvydas standard applies to inadmissible aliens who have been ordered excluded and deported.[3]

Accordingly and the case should be dismissed for failure to state a claim upon which relief may be granted.

**ARGUMENT**

I. BECAUSE PETITIONER'S DEPORTATION AND EXCLUSION ARE NOW SCHEDULED TO OCCUR ON **JULY 19, 2004**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of exclusion, nor the enforceability of it.  Rather, he essentially complains about the history of DHS efforts to deport petitioner that (until now), "China has not issued travel documents" for him.  Petition, p.4.

---

aliens ordered excluded were to "be immediately deported" from the United States. Former 8 U.S.C. § 1227(a)(1).
[3] Respondent disputes the applicability of Zadvydas to the case of an alien who has never been admitted to the United States and is detained pending execution of a final order of exclusion and deportation. See e.g. Benitez v. Wallis,  337 F.3d 1289 (11th Cir. 2003)(inadmissible aliens "have no constitutional rights precluding indefinite detention"). However, it is unnecessary for the Court to reach this question because even assuming the more generous Zadvydas standard applies to this case, as argued by petitioner, petitioner's scheduled removal less than three weeks from now is necessarily "reasonably foreseeable", and so

Indeed, petitioner frankly declares that "own his own initiative" he has "tried to expedite his repatriation to China". Petition, p.4  Because petitioner's exclusion and deportation is now scheduled for a date certain just 17 days from now (**July 19, 2004**), petitioner fails to state a colorable claim of unlawful detention.

The Supreme Court in <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". <u>Id</u>. at 2505.  The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

<u>Zadvydas v. Davis, et al.</u>, 121 S. Ct. at 2505 (emphasis added).

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order

---

petitioner has failed to state a claim upon which relief may be granted.

detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the necessary travel documents have now been received, and petitioner is now scheduled for exclusion and deportation on **July 19, 2004**. Accordingly, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future", and the petition fails to state a claim upon which relief may be granted, even assuming that the more

4

generous[4] Zadvydas detention standards apply to aliens such as petitioner who are under exclusion orders.

Respondent also hereby provides the Court advance notice of petitioner's exclusion and deportation scheduled for **July 19, 2004.**

### CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

>                     Respectfully submitted,
>
>                     MICHAEL J. SULLIVAN
>                     United States Attorney
>
>             By:     s/Frank Crowley
>                     FRANK CROWLEY
>                     Special Assistant U.S. Attorney
>                     Department of Homeland Security
>                     P.O. Box 8728
>                     J.F.K. Station
>                     Boston, MA 02114
>                     (617) 565-2415

---

[4] Cf. Benitez v. Wallis, 337 F.3d 1289 (11th Cir. 2003)(inadmissible aliens "have no constitutional rights precluding indefinite detention").

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on July 2, 2004.

                      s/Frank Crowley
                      FRANK CROWLEY
                      Special Assistant U.S. Attorney
                      Department of Homeland Security
                      P.O. Box 8728
                      J.F.K. Station
                      Boston, MA 02114